## Richmond.

NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD COMPANY

v.

BOARD OF SUPERVISORS OF NORTHAMPTON COUNTY.

MARCH 12, 1896.

1. RAILROADS—*District School Tax.*—A levy by a board of supervisors for district school purposes on the property of a railroad company, as a whole, within a county, without reference to what part thereof is located in the several districts, or so as to show the amount levied for each district, is void, because in violation of section 8, Article VIII., of the Constitution of this State.

2. RAILROADS—*District School Tax.*—Section 833 of the Code does not authorize the board of supervisors of counties to levy a tax on the property of railroad and telegraph companies for district school purposes, and no method has been provided by law for ascertaining the value of the property of railroad and telegraph companies within the boundaries of the several school districts of the State, and therefore no district school tax can be levied thereon.

Appeal from a decree of the Circuit Court of Northampton county, pronounced April 20, 1893, in a suit in chancery, wherein appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Blackstone & Bundick*, for the appellant.

*Harmanson, Heath & Heath*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

The question involved in this case is the power of the appellee, the Board of Supervisors of Northampton county, to tax the appellant company, the New York, Philadelphia and Norfolk Railroad Company, for district school purposes.

The levy in question is as follows: " At a meeting of the Board of Supervisors of Northampton county, held by adjournment, in and for said county, on the 19th day of September, A. D. 1892 :

" Ordered, that a tax of fifteen cents be levied upon every hundred dollars of the assessed value of all property, real and personal, and incomes, in Franktown School District, in this county, assessed with the State taxes for the year 1892, including a like tax on every one hundred dollars of the assessed value of all the property, real and personal, of the New York, Philadelphia and Norfolk Railroad Company in said Franktown District, as fixed by the Board of Public Works, and that when the same is collected it be applied to said Franktown District school expenses for the year 1892.

" Ordered, that a tax of fifteen cents be levied on every one hundred dollars of the assessed value of all property, real and personal, and incomes, in Eastville School District, in this county, assessed with State taxes for the year 1892, including a like tax on every hundred dollars of the assessed value of all the property, real and personal, of the New York, Philadelphia and Norfolk Railroad Company in Eastville School District, as fixed by the Board of Public Works, and that when the same is collected it be applied to the payment of the said Eastville School District expenses for the year 1892.

" Ordered, that a tax of fifteen cents be levied on every hundred dollars of the assessed value of all the property, real and personal, and incomes, in Capeville School District, in this

county, assessed with State taxes for the year 1892, including a like tax on every one hundred dollars of the assessed value of all the property, real and personal, of the New York, Philadelphia and Norfolk Railroad Company in said Capeville School District, as fixed by the Board of Public Works, and that the same, when collected, be applied to the payment of said Capeville School District expenses for the year 1892.

"A copy.—Teste:

"T. SANFORD SPADY, Clerk."

In accordance with this action of the Board of Supervisors, the treasurer of Northampton county presented to the appellant company the following tax-bill:

N. Y., P. & NORFOLK RAILROAD COMPANY,

To JOHN R. READ, COUNTY TREASURER,     Dr.

1892.

| | | | |
|---|---|---|---|
| To county levy on roadway, track and buildings, | | $ 561 | 71 |
| " | " | per. property and telegraph lines...... | 441 74 |
| " | " | school tax on roadway, track, and buildings................................ | 140 43 |
| " | " | school tax on per. property and telegraph lines................................ | 110 43 |
| " | district school tax on roadway, track, and buildings ........ ........................ | | 421 28 |
| " | " | school tax on per. property and telegraph lines................................ | 331 30 |
| " | road tax on roadway and track and buildings, | | 140 43 |
| " | " " " per. property and telegraph lines, | | 110 43 |

$2,257 75

When this bill was presented the appellant company paid all of it except the amounts for district school tax, aggregating, with the five *per cent.* penalty added, $790.21, and

the treasurer of Northampton county threatening to levy for this amount, the company filed its bill in the Circuit Court of Northampton county against the Board of Supervisors and the treasurer of the county, to enjoin and restrain its collection, upon the ground, first, that there was no authority under the law then in force to tax railroads by a levy of the supervisors for district school purposes; and, second, that if there be such a right, there is no machinery to carry it into effect, as the Board of Public Works' assessment for taxation is for the county as a whole, and not by districts, and that there is no way to apportion the tax for district school purposes among the districts according to the assessed value of the corporate property in each. The injunction asked for was awarded, but upon a hearing of the cause on the bill and exhibits therewith, the answer of the Board of Supervisors and of the treasurer of Northampton county, to which answers the plaintiff filed a general replication, the Circuit Court dissolved the injunction and dismissed the bill. It is from this decree that an appeal was allowed to this court.

The answer of the Board of Supervisors, as well as that of the treasurer of Northampton, admits the correctness of the allegations of the bill of the plaintiff company as to the assessment and levy of the tax, but denies that the Board of Supervisors had no power to levy the tax complained of, and says " that the levy was made in pursuance of the provisions of sub-divisions 2 and 3 of section 833 of the Code of Virginia, and that the said district school tax, when collected, can be apportioned under the directions of the court, or by the county school board, on such equitable plan as they may determine upon ; and, further, that the district school tax included in the tax-bill is based on the assessed value of the real and personal property of the plaintiff company as made by the Board of Public Works for the year 1892, as shown by Exhibit " X " filed with plaintiff's bill, and which is as follows :

" Showing the assessment as made by the Board of Public Works for the year 1892 :

" New York, Philadelphia and Norfolk Railroad Company, value per mile of roadway and track, $12,000 ; number of miles in Northampton county, 22 ; value of roadway and track, $264,000 ; value of depots, depot grounds, and lots, station building, and fixtures and machine shops in Northampton county, $16,853.50 ; value of rolling stock, including passenger, freight, cattle or stock, baggage, mail, express, sleeping, palace, and all other cars owned by or belonging to the company ; boats, machinery, depot and office furniture, and equipments, $215,814 ; value of stores in Northampton county, $4,728 ; value of telegraph lines in Northampton county, $325 ; total value of all property, real and personal, in Northampton county, $541,721.16."

It will be observed from the above tax-bill made out against the appellant company that its property is taxed as though it were equally distributed in locality in all the districts of Northampton county, while its property could be taxed for district school purposes, if at all, in the district in which it is located.    It is admitted in argument that the greater portion of the property of the railroad company is situated in Capeville District, and that the roadway and track assessed by the Board of Public Works at $12,000 per mile is the only property of the company situated in the other two districts ; hence the only property of the company that could rightly be assessed with district school tax in the districts of Franktown and Eastville is the road-bed and track proper, while, as before stated, the levy is upon the entire property of the railroad company in the county of Northampton as if it was equally distributed in all three of the districts.

Section 8 of Article VIII. of the Constitution of Virginia, after providing what shall constitute the fund for public free school purposes in the State at large, further provides :

" That each county and public school district may raise additional sums by tax on property for the support of public free schools. All unexpended sums of any one year in a public free school district shall go into the general school fund for re-division the next year; provided, that any tax authorized by this section to be raised by counties or school districts shall not exceed five mills on the dollar in any one year, and shall not be subject to re-division, as hereinbefore provided in this section. This plainly means that the general State fund apportioned to the counties, and then to the several districts in the counties, for school purposes, is subject to the provision which requires that any unexpended fund from this source shall go back into the general school fund for re-division the next year; but where raised by the counties, or school districts, this provision does not apply, and, if there be unexpended funds in any district, it remains for use in that district, and the tax levied for the next year to meet the necessities of the schools in that particular district would be, of course, of such an amount as might be necessary, together with the unexpended funds of the preceding year, to meet the demand for school purposes in that district. The funds raised for district school purposes are, as provided by law, used for building school-houses and equipping the same in the respective districts, and hence each tax-payer becomes interested in the proper application of this fund, as one district may, by the tax levied in that district in any one year, provide ample funds for this purpose, so that no tax is required the following year; and this was doubtless in view when the framers of the constitutional provision referred to stipulated that the fund raised for district school purposes should be kept within the district in which it was raised. Upon the face of the levy made by the Board of Supervisors in this case, this provision of the Constitution is violated, in its practical results. There is nothing to show what portion of the tax sought to

be collected by the treasurer of Northampton county is for school purposes in any particular district, but it is levied as a whole, without reference to the locality of the property upon which it is levied.

But another difficulty stands in the way of the tax in question, and it grows out of the failure of the act of the Legislature to provide for the proper assessment and collection of a tax for district school purposes on the property of railroad and canal companies. Sub-division 2 of section 833 of the Code provides for a levy by the county board of supervisors for county purposes on the real and personal property of telegraph and telephone companies, and railroad companies and their telegraph lines, which pass through their respective counties, * * * based upon the assessment per mile made by the State for its purposes, and furnished by the Auditor of Public Accounts to the board, &c. ; but sub-division 3 of this section only authorizes the board of supervisors " to levy a tax upon the property in the county sufficient to raise the amount recommended by the school board in their estimates for county school purposes, or so much thereof as they may allow ; *and to levy a tax upon the property in each school district sufficient to raise the amount recommended by the county school board for district school purposes, or as much thereof as they may allow*," &c.

It does not authorize a levy on the property of telegraph, telephone, and railroad companies and their telegraph lines for district school purposes, as provided in sub-division 2 as to the levy for county purposes ; and in fact the general law of the State does not provide that the assessment of the property of such companies by the Board of Public Works, certified to the board of supervisors of the respective counties, shall show definitely the character of the property, its value, and location with reference to the respective magisterial or school districts in the county.

In the case of *Va. & Tenn. R. R. Co.* v. *Washington County*, 30 Gratt. 471, a tax levied by the board of supervisors on the property of the railroad company for county purposes was held by this court not to be valid, on the ground that the authority of the county board of supervisors to assess property for taxation and levy taxes upon it was dependent upon the action of the Legislature, and that the legislation of the State at that time did not authorize county authorities to levy a tax on real estate of railroads in the counties, either for county, township, school, or road purposes.

To meet the difficulties in the way of reaching the property of railroad companies by taxation for county purposes, as disclosed by this decision, the Legislature passed an act authorizing the boards of supervisors of the respective counties to levy a tax for county purposes upon the property of railroad companies, based upon the assessment of the Board of Public Works, certified down to the boards of supervisors of the several counties. Acts of 1879–80, p. 82. And by a number of decisions following the passage of this act it has been held that a levy for county purposes, under the provisions of the act, is a valid levy. *Balto. & O. R. R. Co.* v. *Koontz*, 77 Va. 698; *Shen. Valley R. R. Co.* v. *Supervisors of Clarke County*, 78 Va. 269; *S. & R. R. R. Co.* v. *Supervisors of Norfolk County*, 83 Va. 195; *Prince George County* v. *At., M. & O. R. R. Co.*, 87 Va. 283; and *Norfolk & W. R. R. Co.* v. *Supervisors*, 87 Va. 521. But in none of these cases was the question here under consideration raised. When the revisors of the laws in force in 1887 came to this subject they adopted, in section 833, substantially the provision of the act of February 27, 1880, *supra*, and of similar succeeding acts, so far as they made provision for taxation for county and county school purposes, but unfortunately omitted, in sub-division 3 of this section, as did all preceding acts of the Legislature, to

provide for the levy and collection of the tax for district
school purposes upon the properties of railroads, canals, tele-
graph and telephone companies.   Section 833 of the Code
does not, nor does any act of the Legislature preceding, pro-
vide that the assessment of the properties of such companies
by the Board of Public Works shall be certified down to the
supervisors of the respective counties, showing definitely the
character of the property, its value, and location with refer-
ence to the several magisterial districts through which the
line of any railroad, telegraph, telephone, or canal company
may run; therefore the authority of the board of supervisors
to levy a tax for district school purposes on the property of
railroads is the same now as it was when the case of *Va. &*
*Tenn. R. R. Co.* v. *Washington County, supra,* was decided.
If, under the statutes as they now stand, the county of North-
ampton, and other counties of the State, are deprived of a
source of revenue for district school purposes from property
of telegraph, telephone, and railroad companies within the
limits of the several magisterial or school districts of such
counties, it is for the Legislature to supply the remedy.   It
seems clear that no such remedy existed when the levy in this
case was made.

For these reasons we are of opinion that the decree com-
plained of is erroneous and should be reversed, and this
court will enter such decree as the court below should have
entered, perpetuating the injunction, with costs to the appel-
lant.

*Reversed.*