Statement.

---

# Richmond.

## BOARD OF SUPERVISORS OF ELIZABETH CITY COUNTY v. CITY OF NEWPORT NEWS.

### March 21, 1907.

1. STATE CORPORATION COMMISSION.—*Apportionment for Taxation—Appeal.*—An appeal lies to this court from a judgment of the State Corporation Commission apportioning, for purposes of taxation, the value of the rolling stock of an electric railway between a city and a county through which it runs. The value of the rolling stock and its assessment not being called in question, but only the apportionment, there is nothing in section 3454 or section 573 (a) of the Code of 1904 which precludes the right of appeal in such a controversy.

2. STATE CORPORATION COMMISSION.—*Apportionment for Taxation—Petition to Reconsider.*—A county or city may petition the State Corporation Commission to reconsider and correct its judgment simply apportioning between them, for the purposes of taxation, the value of the rolling stock of an electric railway company, and from its judgment on said petition an appeal lies to this court. The proceeding by such petition is an independent one and questions simply the apportionment, not the valuation or assessment.

3. TAXATION—*Street Railways—Situs of Rolling Stock.*—For the purposes of taxation an electric railway company has its residence or domicile at the place where its chief or principal office is, and, in the absence of legislation on the subject, its rolling stock must be there taxed, though daily in use upon the road and absent from the locality the greater part of the time.

Appeal from the State Corporation Commission.

*Reversed.*

The opinion states the case.

*B. A. Lewis,* for the appellant.

*J. A. Massie* and *S. Gordon Cumming,* for the appellee.

HARRISON, J., delivered the opinion of the Court.

The Newport News and Old Point Railway and Electric Company is a domestic public service corporation, chartered by the Legislature of Virginia in 1898. Acts 1897-'98, page 625. Its charter in broad terms authorizes it to conduct the business of a common carrier, with all the privileges, franchises and immunities ordinarily granted to such corporations, including the right to use any available motive power which to it may seem expedient, and to lay its tracks, rails, etc., along and upon the streets of cities, towns and the highways of counties by and with the consent of the proper corporate authorities.

At the time of the matters here involved the company was operating an electric railway by the overhead trolley system, with about eight miles of track through the streets of Newport News and about twelve miles through the county of Elizabeth City, running through certain streets of the towns of Phoebus and Hampton, in that county, and to Fortress Monroe. In addition to its passenger traffic the company carries freight for the convenience of its patrons. The principal or chief office of the company is located in Elizabeth City county, as are also its chief car barns.

In September, 1906, the company, as required by law, made to the Corporation Commission a report returning its property for taxation. Under the head of rolling stock certain cars or coaches were reported, which the Commission, by its final order of November 3, 1906, assessed for taxation at the aggregate sum of $84,400. For the purposes of local taxation the Commission apportioned this rolling stock between the city of Newport News and the county of Elizabeth City, assigning $37,136 of the total value to the city and $47,264 of such value to the county. Thereupon, on the 26th day of November, 1906, the board of supervisors of Elizabeth City county filed their

petition, which is the foundation of this proceeding, before the Corporation Commission, complaining of the action of the Commission in dividing, for the purpose of local taxation, the rolling stock of the Newport News and Old Point Railway and Electric Company between the city of Newport News and the county of Elizabeth city, and insisting that the proper locality, for the purposes of taxation of personal property, was the domicile of the owner; that the domicile of a domestic public service corporation was the location of its principal or chief office, which in this case was Hampton magisterial district, in the county of Elizabeth City; that, the rolling stock of the company being personal property, the action of the Commission should be reversed and set aside, and the whole of the rolling stock in question, to the value of $84,400 be assigned, for the purpose of local taxation, to Hampton magisterial district, in the county of Elizabeth City.

To this petition the city of Newport News filed a demurrer and answer. Upon due consideration, after argument of counsel, the Commission overruled the demurrer filed by the city of Newport News, adhered to the apportionment it had made of the rolling stock for the purposes of local taxation, and entered judgment accordingly. From that judgment this appeal has been taken by the board of supervisors of Elizabeth City county.

The appellee contends that section 3454 of the Code of 1904 prohibits an appeal from the judgment of the State Corporation Commission ascertaining the value of any property of a railroad for the purposes of taxation and assessing taxes thereon. It is a sufficient answer to this contention that this is not an appeal from the judgment of the Commission ascertaining the value of the rolling stock in question and assessing it for taxation. The railway company declined to take any part in this controversy, and no one has questioned the appraisement and assessment made by the Commission, nor is that appraisement and assessment, so far as the property and the value put upon it is concerned, involved in this appeal. This is a controversy

between the city of Newport News and the county of Elizabeth City as to which is entitled to the benefit of the taxes to flow from the assessment made by the Commission. The city claims the right to enjoy part of the taxes arising from that assessment, while the county denies such claim, and insists that, under the law, it is entitled to all of such taxes. There is nothing in section 3454 or in section 573 (a) which precludes the right of appeal in such a controversy.

There was no error in the action of the Commission in overruling the demurrer filed by the city of Newport News. The ground of the demurrer was that the order of the Commission of November 3, 1906, assessing the rolling stock in question, was final, and that the county of Elizabeth City could not inject itself into that proceeding for any purpose after it was ended. The county has not injected itself into any proceeding, but has brought an independent proceeding asking the Commission to reconsider and correct the order by which it undertook to assign to the city, for the purposes of taxation, part of the rolling stock of the Electric Railway Company. As already indicated, there is no purpose to disturb the ascertainment of the property or the assessed value put thereon. The sole object of this proceeding is to determine which of two municipalities is entitled to the benefit of the assessment the Commission has made.

As already mentioned, the chief or principal office of the Newport News and Old Point Railway and Electric Company is located in Elizabeth City county. It has long been the settled law in Virginia that a railroad company must be considered, for the purposes of taxation, as having its residence or domicile at the place where its chief or principal office is located, and that its rolling stock, though in daily use upon the road and absent from such locality the greater part of the time, is to be considered as belonging there, and liable to taxation by the municipality in which its principal office is located. *Orange & Alexandria Railroad Co. v. City Council of Alex.,* 17 Gratt. 176; *A. & D. R. Co. v. Lyons,* 101 Va. 1, 42 S. E. 932.

In the case last cited it is said: "Norfolk county, it appears, is the domicile of the appellant, and it is well settled that the rolling stock is properly taxable at that place. It might be more equitable, perhaps, looking to the interest of the various counties through which the road passes, if the revenue derived from this source were distributed, but in the absence of legislative enactment upon the subject, it was properly taxed by the county of Norfolk."

The learned Corporation Commission, in its opinion, recognizes the established rule to which we have adverted, and says that in considering the question with reference to the location of the cars of an electric railway company, the Commission thought that the principle should not be applied, being of opinion that the "self-propelling" coaches of an electric railway should be located upon a fair and equitable basis in all cases in which such a railway was operated in a city and outside into one or more adjoining counties. As justifying its departure from the settled law applicable in the case of steam railroads the Commission points out certain distinctions between such railroads and electric railways, involving for the most part differences in their mode of operation and method of charging fare.

We are of opinion that the differences between these two classes of public service corporations, whatever they may be, cannot affect the settled principle that personal property must be assessed at the domicile of the owner. The same reasons which led to the conclusion that the domicile of a railroad company, for the purposes of taxation, was the locality of its principal office, must control in determining the domicile, for a like purpose, of an electric railway. We might agree with the learned Commission that it would be more equitable, looking to the interest of the several municipalities through which the railway passes, to distribute the revenue derived from this source; but, in the absence of legislative enactment upon the subject, the rolling stock of the Newport News and Old Point

Railway and Electric Company is properly taxed in the county of Elizabeth City, so long as that county continues to be the home of its chief or principal office.  *A. & D. R. Co.* v. *Lyons, supra.*

For these reasons the order of the Corporation Commission must be set aside, and this cause remanded for further proceedings in conformity with the views herein expressed.

*Reversed.*