# Richmond

## E. C. GAYLE AND J. H. EASON v. COMMONWEALTH.

### January 15, 1914.

1. CRIMINAL LAW—*Intoxicating Liquors—Sale Without ·License—Evidence—Analysis by Assistant State Chemist—Inadmissibility.*— On the trial of a person indicted under the "Byrd Liquor Law" for selling cider containing more than six *per cent.* of alcohol, without license, the certificate of the Assistant State Chemist of his analysis of the cider, verified by his affidavit, is not admissible in evidence. The official chemist of the agricultural department (namely, the State Chemist) is charged with the performance of numerous important and' delicate duties in connection with that department, many of which call for personal action involving official responsibility and professional skill and which cannot be delegated. Of that class is the service imposed by section 24 of the law which is made the basis of a criminal prosecution, and the performance of which in the case at bar was attempted by the person styling himself "Assistant State Chemist."

2. CRIMINAL LAW—*"Byrd Liquor Law"—Strict Construction—Evidence.* The "Byrd Liquor Law" is a highly penal statute, and is not to be extended by implication, and the evidence upon which a conviction under it may be had is an innovation on the general law and must be strictly construed.

3. STATUTES—*Constitutionality.*—The constitutionality of a statute will not be determined in any case unless it is absolutely necessary.

Error to a judgment of the Circuit Court of the city of Suffolk.

*Reversed.*

The opinion states the case.

*Jno. N. Sebrell,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* and *Richard B. Davis, Assistant Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The plaintiffs in error, who were retail grocers in Suffolk, were fined $50 each by the mayor of that city for the alleged violation of section 14 of an act approved March 12, 1908, commonly known as the "Byrd Liquor Law" (3 Va. Code, p. 766), which forbids the sale of cider containing more than six *per cent.* of alcohol in local option territory and where no license to sell ardent spirits by retail has been granted. Upon appeal to the circuit court, the judgment of the Mayor was affirmed, which judgment we are asked to review.

Over the objection of the accused, the fact that the cider sold by them contained more than six *per cent.* of alcohol was sought to be shown by an analysis of C. M. Bradbury, styling himself "Assistant State Chemist," verified by his affidavit made before a notary public in the city of Richmond.

The prosecution relies upon section 24 of the act as authority for the admissibility of the before-mentioned analysis, certificate and affidavit as evidence. The section reads as follows:

"It shall be the duty of the State Commissioner of Agriculture, at the written request of any officer, State, county or municipal, charged with the execution of the revenue laws, to cause to be analyzed any mixture supposed to contain alcohol and to return to the officer making the request a certificate of the chemist showing such analysis. The certificate of the chemist or agricultural department of the State, when signed and sworn to by him, shall be evidence in all prosecutions under the revenue laws of the State and in all controversies touching the mixture analyzed by him, but the burden shall be upon the prosecution to establish the fact that the mixture analyzed is the same as that alleged to have been illicitly sold, but, upon the

motion of the accused, the chemist shall be required to appear as witness and shall be subject to cross-examination."

The essential provisions of this section were wholly disregarded. As we have seen, the act comtemplates that on written request of any officer charged with the execution of the revenue laws, the State Commissioner of Agriculture shall cause the analysis to be made by the chemist in his department (namely, the State Chemist) and shall return the certificate of the chemist showing such analysis to the officer making the request. There was no such written request made to the Commissioner of Agriculture, and no return by him of the certificate of the State Chemist showing the analysis; but, to the contrary, the head of the agricultural department of the State, specially charged with the supervision, custody and return of the analysis, was entirely ignored. Moreover, the analysis, certificate and return were made by an unauthorized person, the Assistant State Chemist, and in an unauthorized manner. The official chemist of the agricultural department is selected and appointed by the Commissioner of Agriculture (Code, sec. 1787), and charged with the performance of numerous important and delicate duties in connection with that department, many of which call for personal action involving official responsibility and professional skill, and which cannot be delegated. Of that class is the service imposed by section 24, which is made the basis of a criminal prosecution.

The statute is in a high degree penal, and the evidence upon which a conviction under it may be had is an innovation on the general law and must be strictly construed. *Harris* v. *Com'th.*, 81 Va. 240, 59 Am. Rep. 666; *Street* v. *Broaddus*, 96 Va. 823, 32 S. E. 466; *Gates* v. *City of Richmond*, 103 Va. 702, 49 S. E. 965.

Keith, P., in *Street* v. *Broaddus, supra,* says: "This statute is highly penal in its nature. It is not to be ex-

tended by implication, but he who seeks to avail himself of the ruinous penalties which it imposes must bring himself strictly within its terms:"

The same principle is announced with convincing force and clearness by Marshall, C. J., in *United States* v. *Wiltberger*, 5 Wheat. 76, 5 L. Ed. 37.

In this instance, without invoking the rule of strict construction, it is obvious that the prosecution has failed to bring the case within the statutory requirement.

It was also pressed upon us in argument that the section of the act authorizing a conviction on the chemist's certificate of the analysis of the cider verified by affidavit is violative of that part of Article 1, sec. 8, of the Bill of Rights, which declares "that in all criminal prosecutions a man hath a right . . . to be confronted with the accusers and witnesses . . ." Inasmuch, however, as the case made by the Commonwealth does not come within the terms of the act and the judgment must be reversed on that ground, its constitutionality is not now an issue. And it is a well settled general rule that the constitutionality of a statute will not be determined in any case unless it is absolutely necessary. Cooley's Const. Lim. (7th ed.) 231; 8 Cyc. 789, and cases cited.

For the foregoing reasons the judgment of the circuit court must be reversed and the case remanded for further proceedings, to be had therein not in conflict with the views expressed in this opinion.

*Reversed.*