# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

BOARD OF SUPERVISORS OF HENRICO COUNTY AND OTHERS

v.

COMMONWEALTH, EX. REL. CITY OF PETERSBURG AND OTHERS

March 19, 1914.

1. CONSTITUTIONAL LAW—*Invalidity of Statutes.*—Whenever the constitutionality of an act of the legislature is distinctly presented and necessary to the decision of a particular case it is the duty of the court to determine the question; but if the case before the court can be determined upon other grounds, the court, out of respect for the legislature, will not question the constitutionality of its action.

2. STATUTES—*Repeal by Implication.*—The law does not favor repeals by implication, and will not hold one act of the legislature repugnant to another unless the repugnance is quite plain, and then only to the extent of such repugnancy.

3. TAXATION—*Railroads—Rolling Stock—Acts March 12 and 13, 1912.* The act of March 13, 1912, amending section 27 of the revenue law (Acts, 1912, ch. 214), provided for taxing of the rolling stock of a railroad company in the city where its principal office is located, and for the sole benefit of such, is repugnant to and hence prevails over the Act of March 12, 1912, which provides a different mode of taxing and of distributing the tax upon such rolling stock.

Appeal from State Corporation Commission.

*Affirmed.*

The opinion states the case.

*E. P. Buford, Randolph Harrison, Hill Carter* and *F. T. Sutton, Jr.*, for the appellants..

*R. E. Byrd, George Mason,* and *S. Hamilton Graves,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The validity of an act approved March 12, 1912, (Acts 1912, ch. 139, pp. 274-5), entitled "An act in relation to the assessment for local taxation of the rolling stock of railroad corporations," is involved in this case. Objection was made to it before the State Corporation Commission, from which this appeal comes, upon several grounds, among them that the act is meaningless because of the omission of certain words which were intended to be inserted in it; that it was repealed by the amendment and re-enactment of section 27 of the revenue law, approved March 13, 1912, (Acts 1912, ch. 214, pp. 490-494), and that its provisions are in violation of sections 50 and 168 of the State Constitution.

The written and oral arguments here have been largely, indeed almost entirely, devoted to the discussion of the constitutionality of the act of March 12, 1912.

Whenever the question of the constitutionality of an act of the General Assembly is distinctly presented and necessary to the decision of the particular case, it is the duty of the court to determine that question; but it is the well settled doctrine that if the case before the court can be determined upon other grounds, the court will not enter upon the consideration of whether or not the action of the legislature is constitutional, for as no questions can be brought before a judicial tribunal of greater delicacy than those which involve the constitutionality of a legislative act, it is the part of wisdom and a just respect for the legislature not to question the constitutionality of its action if the case may be determined on other points. *Ex parte Randolph,* 2 Brock. 448-9, 678-9; *Griffin* v. *Cun-*

*ningham,* 20 Gratt. (61 Va.) 31, 33-4; *Gayle & Eason* v. *Com'th,* 115 Va. 958, 80 S. E. 741; Cooley's Const. Lim. (6th ed.), p. 196.

Objections to the validity of said act other than that its provisions violate the Constitution of the State will, therefore, be first considered.

Conceding for the purposes of this case that the words necessary to give the statute the meaning contended for by the appellants may be read into the act of March 12, 1912, the next question to be considered is whether or not it has been repealed by the amendment and re-enactment of section 27 of the revenue law. It is conceded that the former act has not been expressly repealed, but the contention is that the two acts are inconsistent with and repugnant to each other—that there is such conflict between them that they cannot stand together—and, therefore, the former is impliedly repealed by the latter act.

The well settled rule is that the law does not favor a repeal by implication, unless the repugnance be quite plain, and then only to the extent of such repugnancy. *Fox's Admr.* v. *Com'th.* 16 Gratt. (57 Va.) 1, 8-12; *Vansant, Kitchen & Co.* v. *Com'th,* 108 Va. 137-8, 60 S. E. 753, and authorities cited.

By section 176 of the Constitution, the State Corporation Commission is required annually to ascertain and assess "the value of the roadbed, and other real estate, rolling stock, and all other personal property whatsoever (except its franchises and the non-taxable shares of stock issued by other corporations) in the State of each railway corporation, whatever its motive power, now or hereafter liable for taxation upon such property . . and such property shall be taxed for State, county, city, town and district purposes in the same manner as authorized by said law at such rates of taxation as may be

imposed by them, respectively, from time to time upon the real estate and personal property of natural persons."

By the act of March 12, 1912, it is provided, that such of the rolling stock of the various railroad corporations doing business in Virginia, except electric railway companies, as is taxable in this State, shall not be assessed for the purpose of local taxation by the counties, cities, towns and school districts at the principal office or offices of the respective corporations, but for the purpose of deriving taxes from the rolling stock for the various counties, cities, towns and school districts in and through which the said railroad companies run, as ascertained and assessed for the purpose of State taxation, (shall be levied) a tax based on the rate of taxation imposed on the property of natural persons for local purposes by the county, city, town or school district in which the principal office of any such railroad corporation is located in this State, which taxes so levied shall be distributed among the various counties, cities, towns and school districts in this State in and through which said railroad companies respectively operate and pass in the following manner and proportion: to the counties, cities or towns in which the principal offices of such companies are respectively located, twenty-five *per cent.* of the gross amount of taxes so levied on the rolling stock of such companies, respectively, and the remaining seventy-five *per centum* of such taxes shall be divided and distributed among all the several counties, cities, towns and school districts in this State in or through which such railroads or any part thereof are located or pass, including the counties, cities and towns in which said principal offices are located in the ratio and proportion that the total assessed value of the right of way, roadbed and track and all other property of such railroad companies, respect-

ively, (except rolling stock) located in any such county, city, town or school district, ascertained and assessed for the purpose of State taxation, bears to the aggregate value of all such property of such companies, respectively,, (except rolling stock) in ths State as ascertained and assessed for the purpose of State taxation.

By the act approved March 13, 1912, amending section 27 of the revenue law, it is provided, among other things, that every railway corporation of the State not exempt from taxation and every railway corporation doing business in this State, shall report annually before a day named to the State Corporation Commission all of its real and personal property of every description, showing particularly in what county or corporation the principal office or agency of such corporation is located in this State, and also showing what part of such property is located in each school district of such county and classifying the same under the following heads:

First. Roadway and track;

Second. Depot grounds, lots, station building and fixtures and machine shops;

Third. Real estate not included in other classes;

Fourth. Rolling stock of all kinds, describing it;

Fifth. Stores;

Sixth. Telegraph lines;

Seventh and Eighth. Stocks, bonds and other evidences of debt held by such railway company in various ways named;

Ninth. And all other personal property of such railway company not enumerated above and which would be taxable under the act if the same belonged to an individual.

It was further provided that such railway company shall report its gross transportation receipts for the preceding year; and that the State Corporation Commission

shall assess "upon said property and gross transportation receipts taxes imposed thereon by law," for State purposes. The amended section further provides that the State Corporation Commission shall "furnish to the council of every city and town, and to the board of supervisors of every county, and to the treasurer of every county and city wherein any property belonging to such corporation is situated, a certified copy of the assessment made by the State Corporation Commission of such corporation's property, which shall definitely show the character of its property, its value and location for purposes of taxation in each county, city, town and school district, so that county, city, town and school district levies may be laid upon the same   .   ."

By a comparison of the provisions of the two acts it is clear that the method provided by the later act for taxation for local purposes on the rolling stock of the Norfolk and Western Railway Company, the Atlantic Coast Line Railway Company and the Seaboard Air Line Railway, the railroad companies which are parties to this proceeding, each having its principal office in this State, are entirely different. This difference can, perhaps, be brought out more clearly by taking a concrete case.

The principal office of the Norfolk and Western Railway Company is located in the city of Roanoke. Under the provisions of the former act (March 12, 1912), upon the value of the rolling stock of that company as ascertained and assessed for State taxation, there is to be levied a tax for local purposes, based upon the rate of taxation imposed by the city of Roanoke upon the property of natural persons for the purposes of the city. Of this tax so levied the city is to receive twenty-five *per. cent.* and the residue (seventy-five *per centum*) is to be distributed among all the counties, cities (including Roa-

noke), towns and school districts in or through which the Norfolk and Western Railway runs or passes in the ratio and proportion that the total assessed value of the roadbed and tract and all other property of the railway company (except rolling stock) located in any county, city, town or school district, ascertained and assessed for the purpose of State taxation, bears to the aggregate value of all such property of the railway company (except rolling stock) in this State as assessed for State taxation. By the later act (March 13, 1912) a certified copy of the assessment of the property, real and personal, of the Norfolk and Western Railway Company (including its rolling stock) made by the State Corporation Commission, and upon which the tax for the State is imposed, is to be furnished to the council of every city and town and to the board of supervisors of every county, wherein any property belonging to the said railway company is situated, for local purposes of taxation, and that the assessment so certified shall definitely show the character of the said property, its value and location for the purpose of taxation in each county, city, town and school district so that the county, city, town and school district levies may be laid upon the same. Under this act the rolling stock of the Norfolk and Western Railway Company, its situs, in the absence of legislation to the contrary, being in Roanoke city, where the principal office of that company is located, is to be taxed in that city for its local purposes (*Atlantic & Danville Ry. Co.* v. *Lyon, Treas.* 101 Va. 1, 42 S. E. 932; *Board of Sup. Elizabeth City Co.* v. *City of Newport News,* 106 Va. 764, 56 S. E. 801, 10 Ann. Cas. 354) and the tax so levied would be for the benefit of the city of Roanoke alone and not for the benefit of all the counties, cities and towns as provided for by the former act.

If it could be held, under the provisions of either or

both of these acts, read together, as we do not think it can, that the assessed value of the rolling stock of the railroad company could be distributed for purposes of local taxation among the counties, cities and towns through which the said railway runs or passes in the ratio or proportion in which the former act requires that the tax provided for in that act shall be distributed among the said counties, cities and towns, the amount of taxes which each would receive from the rolling stock would be different. Under the former act, the amount received by each would depend upon the rate of taxation fixed by the city of Roanoke for its purposes; under the later act the amount raised in each county, city or town would depend upon the rate fixed by each for its own purposes.

There is no way, so far as we can see, by which the provisions of the later act can be harmonized with the provisions of the former. The two acts being repugnant to each other, the amended act of March 13, 1912, repealed by implication the act of March 12, 1912.

The court is, therefore, of opinion that the State Corporation Commission did not err in refusing to certify the assessment of the rolling stock of the said railway companies as provided for by the act of March 12, as prayed for by the appellants, but that it properly held that the rolling stock of the said railway companies were taxable for local purposes in accordance with the provisions of the amended act of March 13, 1912; and that its action must be affirmed.

*Affirmed.*