# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LEX CAMPBELL v. CITY OF DANVILLE.

January 11, 1934.

Present, All the Justices.

The opinion states the case.

*Malcolm K. Harris,* for the plaintiff in error.

No appearance for the defendant in error.

HOLT, J., delivered the opinion of the court.

The defendant, under a blanket charge, has been convicted of the unlawful possession of ardent spirits. His warrant of arrest bears date July 5, 1932. On a plea of "not guilty" he was tried before the police justice of the city of Danville, and was sentenced to ninety days on the State convict road force and fined $50. From that judgment he appealed to the Corporation Court of the city of Danville. There this verdict was returned:

"We the jury find the defendant guilty as charged in the within warrant and fix his punishment at three months in jail and a fine of $5."

There was a motion to set aside the verdict as contrary to the law and the evidence, which the court overruled and entered judgment. He was also required to give bond in the sum of $500, conditioned not to violate the ordinances of the city of Danville in referenec to the sale of ardent spirits or the prohibition laws of this or any other State within a period of one year.

The offense relied upon was the possession of "home brew," which Campbell admits he made, and which was

made twelve hours before seizure. On July 4, 1932, O. S. Mayberry, police lieutenant of the city, sent to G. W. Koiner, Commissioner of Agriculture, two bottles containing samples of the liquid seized, with the request that it be examined by one of the State chemists as to alcoholic content. Commissioner Koiner did as he was asked to do, and on July 6, 1932, sent to the police department at Danville this report, which was received in evidence over the protest of the defendant:

"DIVISION OF CHEMISTRY.

"W. CATESBY JONES, *Chief Chemist.*

"MR. GEORGE W. KOINER, *Commissioner.*

"DEAR SIR:

"The following is the analysis of the sample numbered as above, received from you:
"Alcohol by volume, 7.47%.
"Sample sealed when received.
"The sample of liquid (1655-Pro) is stated to have been seized on July 3rd, and was received and analyzed by this department on July 5th.
"The amount of alcohol which could develop over a period of two days under given conditions in a sample of this nature would of necessity be small, but there is no means of estimating or proving just how much alcohol could be formed.

"THOS. A. BALTHIS, *Chemist.*

"State of Virginia, City of Danville, to-wit:

"This day personally appeared before me, Sam W. Bigger, a notary public, in and for said city in the State of Virginia, Thos. A. Balthis, a chemist of the Department of Agriculture and Immigration of the State of Virginia,

and made oath that he signed the foregoing certificate of analysis, and that the same is correct and true.

"Given under my hand this 6th day of July, 1932.

"SAM W. BIGGER, *Notary Public.*"

 This certificate, the admission of the defendant that he made the "home brew" seized, together with the admission of testimony tending to show that his reputation as an habitual violator of the prohibiton laws is bad, is all the evidence in the case.

The chemist's certificate is "second hand" or hearsay evidence, and incompetent unless made competent by statute. Such a statute is found in Code, section 4675, subsection 88 (Acts 1924, ch. 407, p. 593, section 87). See, also, Acts 1908, p. 275, section 24. It is highly penal and all the formalities which precede its introduction must be strictly complied with.

In *Gayle's Case,* 115 Va. 958, 80 S. E. 741, 742, the court said: "The statute is in a high degree penal, and the evidence upon which a conviction under it may be had is an innovation on the general law and must be strictly construed. *Harris* v. *Commonwealth,* 81 Va. 240, 59 Am. Rep. 666; *Street* v. *Broaddus,* 96 Va. 823, 32 S. E. 466; *Gates* v. *City of Richmond,* 103 Va. 702, 49 S. E. 965.

"Keith, P., in *Street* v. *Broaddus, supra,* says: 'This statute is highly penal in its nature. It is not to be extended by implication, but he who seeks to avail himself of the ruinous penalties which it imposes must bring himself strictly within its terms.'

"The same principle is announced with convincing force and clearness by Marshall, C. J., in *United States* v. *Wiltberger,* 5 Wheat. 76, 5 L. Ed. 37."

Cities are empowered to pass ordinances embracing such provisions of the State law governing intoxicating liquors as may be deemed appropriate. Code, section 4675, subsection 37; Acts 1924, ch. 407, p. 593, section 37.

Danville has availed itself of this permit and the prosecution in judgment is under a city ordinance. The record

fails to show that the ordinance itself embraces subsection 88 of the Code, section 4675. It follows that the chemist's certificate should not have been received in evidence. *Pflaster* v. *Town of Berryville,* 157 Va. 859, 161 S. E. 58. Without it there is nothing to support a conviction. We do not know the alcoholic content of the fluid seized.

There are other assignments of error which touch upon this chemist's certificate. It is not necessary to consider them.

For reasons stated the judgment should be reversed, and it is so ordered.

*Reversed.*