CASE 42—EQUITY—FEBRUARY 12, 1881.

# Gossom, &c., v. McFerran.

APPEAL FROM BARREN CIRCUIT COURT.

1. Section 491 of the Civil Code, in so far as it authorizes the sale of real estate upon the petition of the life-tenant in opposition to the wishes of the owner of the fee, where the latter is not laboring under the disability of infancy or of unsound mind, is unconstitutional.

2. So long as the citizen is under no legal disability to act for himself in the management of his property, he is protected by the constitution from interference on the part of the state.

R. RODES FOR APPELLANT.

Section 491 of the Civil Code, in so far as it authorizes a sale of the interest of an adult remainderman at the instance of the life-tenant, is unconstitutional, as it operates to deprive a citizen of his property without his consent. (Constitution U. S., art. 5, sec. 1; Ibid, art. 14, sec. 1; Constitution Ky., art. 13, secs. 2 and 14; 20 Wallace U. S. Rep., 655–6; 12 Bush, 22; 3 Washburn on Real Property, sec. 2, title Grant, side-pages 538–541; Cooley's Constitutional Limitations, p. 442, side-pages 357 and 531–533; 4 Kent's Com., side-page 331; Potter's Dwarris, 487–489; 8 Bush, 459 and 597.)

LEWIS & PORTER FOR APPELLEE.

1. The sale was properly decreed, as the proof shows that both parties will be benefited thereby.

2. Such sales have been too long sanctioned to now question the constitutionality of the section of the Code authorizing the sale in this case.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Mrs. Alexander having dower-interest in a house and lot in Glasgow, sold and conveyed her interest to C. L. Hill,

Gossom, &c., v. McFerran.

who sold it to appellee. After the sale by Mrs. Alexander, the house was destroyed by fire, and appellee being unable to rent the lot in its unimproved state, instituted this action against appellants, who are the owners in fee of the remainder, seeking a sale and reinvestment under the direction of the court. Appellants objected to a sale of their interest in the land, and from a decree directing a sale and reinvestment they appeal.

The only question we will consider is, whether section 491 of the Civil Code, in so far as it authorizes the sale of the property of an adult, not under the disability of infancy, and not of unsound mind, is unconstitutional.

After a careful consideration and full investigation, we have concluded that the section referred to, and to the extent indicated, is unconstitutional. It operates in effect to take the property of one individual and transfer it to another, when neither is under such disability as to require the guardianship of the courts.

Where any of the citizens are incapacitated to act for themselves, it becomes the duty of the state to protect their interests, and it is upon this idea and for this reason that jurisdiction has been conferred upon the courts to sell and reinvest the proceeds of property belonging to such persons when in the judgment of the court it is to their interest. The court acts and consents for them because they cannot act or consent for themselves. But so long as the citizen is under no legal disability to act for himself in the management of his property he is protected by the constitution from interference on the part of the state, whether that interference comes directly by legislative act, operating immediately upon the property, or intermediately through the courts. There may be cases of tenancy in common, or

even of joint tenancy, where the courts can be authorized to sell the property so held, and one of the joint tenants or tenants in common, who is *sui juris*, refuses, without reason, to sell. But even in that case there would be no power in the court by any legislative enactment to reinvest the proceeds of the property of the recalcitrant tenant. Such cases, as said by Chief Justice Lewis in Kneass's Appeal, 31 Pa. St., are placed on the ground "of the necessities of justice." In all such cases, where sales have been sanctioned, there was a joint ownership in fee, and a joint right of possession—conditions not existing in this case. In addition to these cases, it has been held that when the interest is not vested but contingent, a sale might be had without the consent of the contingent remainderman.

In the case under consideration the party seeking to have the fee disposed of. against the will of the owner has only a qualified or limited interest that may be terminated at any moment. She has in no way been interfered with by appellants in the enjoyment of what estate she has in the property; and if the property is not so productive to her by reason of the burning of the house, it. is her misfortune, which operates with detriment to appellants as well as to appellee, and that without any fault of appellants.

To hold that a life-tenant, when it may appear to be to his or her interest, may go into a court of equity, and in opposition to the wish of the remainderman, have the fee sold and the proceeds reinvested, would operate to destroy estates in remainder. It will not do to say that the court first determines that it will be to the interest of the remainderman before a sale will be authorized. The court has no right to appoint a guardian for one who is *sui juris*, nor to consent for or to act for him. So long as the person is not

Gossom, &c., v. McFerran.

disabled to manage the property, his or her judgment must determine the question as to whether a sale would be to his or her interest, unless in the case of tenancy in common and joint tenancy heretofore mentioned.

It does not matter that in this case Mrs. Gossom, in whom is the fee, is a *feme covert*. She is under no disability that prevents her disposition of her property in any way that may suit the pleasure of herself and husband. She may bind herself, by consent in court, to the sale, or she and her husband may make a sale at their pleasure. As to this property and to this extent, her husband concurring, she is *sui juris*.

We have been unable to find any case where the power attempted to be exercised in this case, when the contest was between life-tenant and remainderman, has been held constitutional.

The following authorities sustain the view here expressed:

Palairet's Appeal, 67 Pa. St., 479.

Kneass's Appeal, 31 Pa. St., 90.

Ervine's Appeal, 16 Pa. St., 263.

Washburn on Real Property, 3d vol. (4th ed.), pages 213 to 218.

12 Bush, 21, Robinson v. Swope.

Judgment reversed, and cause remanded, with directions to dismiss the petition.