## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## WATKINS v. FORD.

### June 13, 1918.

### Absent, Burks, J.

1. REMAINDERS, REVERSIONS AND EXECUTORY INTERESTS—*Sale of Property—Section 2436-b of the Code of 1904—Constitutional Law.*—Section 2436-b, Code of 1904, which authorizes the sale of an estate, real or personal, given by deed or will to a person for life, with a vested remainder to another, whether the vested remainderman be an infant or adult, to the extent to which it affects the rights of adult remaindermen, is unconstitutional.

2. CONSTITUTIONAL LAW—*Necessity of Determination of Constitutionality.*—If a case can be determined upon other grounds, the constitutionality of a statute will not be drawn in question or passed upon.

3. REMAINDERS, REVERSIONS AND EXECUTORY INTERESTS—*Sale of Property—Section 2436-b, Code 1904—Case at Bar.*—In the instant case testator devised a farm to his widow for life, with remainder to his nephews and nieces. The widow filed a bill under section 2436-b of the Code of 1904, praying that the farm might be sold and the proceeds invested for the benefit of the widow and the other persons interested. The reasons assigned for the sale were that the property was depreciating and that the widow was without means with which to keep up the property and was herself unable to manage the property. There was a general allegation that it was to the best interest of all parties directly or contingently interested that the land should be sold. Of the known remaindermen, sixty-eight were adults and five were infants; and of the thirty-six adult parties and two infants actually before the court, all the adults and the guardian *ad litem* of the infants demurred to the bill, and opposed a sale of the property. Without determining whether section 2436-b, Code of 1904, so far as it applies to infant remaindermen is constitutional, it was held that the case made by the bill would not justify the exercise of the jurisdiction of the court under that statute to sell the remainder interest of the infants in the farm.

4. INFANTS—*Sale of Infants' Lands.*—Nowhere has the property of infants been more carefully guarded against injudicious sales than in this State. The legislature has wisely surrounded such sales with all reasonable safeguards and the courts have been astute to give effect to this protective legislation.

5. REMAINDERS, REVERSIONS AND EXECUTORY INTERESTS—*Sale of the Property—Infant Remaindermen.*—A court of equity will not relieve the financial distress of a life tenant at the expense of an infant remainderman.

Appeal from a decree of the Circuit Court of Chesterfield county. Decree for defendants. Complainant appeals.

*Affirmed.*

The opinion states the case.

*R. R. Florence, Brockenbrough Lamb* and *W. L. Masinter,* for the appellant.

*David Meade White, Smith & Gordon, E. B. Thomason* and *Melvin Flegenheimer,* for the appellees.

WHITTLE, P., delivered the opinion of the court.

Appellant's bill (which was dismissed on demurrer) was filed under section 2436-b of the Code, and presents the following case: That plaintiff is the widow of W. C. Watkins, who died in the year 1912 testate, seized of a farm in Chesterfield county containing 467 acres, upon which she and her husband resided; that the land lies about five miles from the city of Richmond, and is traversed by the Petersburg turnpike, and touches the Richmond and Petersburg electric line at several stops; that testator had no children, and devised the farm to appellant for life, with remainder to his nephews and nieces. The bill prays that the land may be sold and the proceeds invested for the benefit of plaintiff

and the other persons interested therein; or, if the court deems it advisable, that her life estate in the proceeds of sale may be commuted.

The reasons assigned for the sale in substance are: That while during the lifetime of testator the farm was cultivated to good advantage, since his death plaintiff has been unable to manage it and has rented it out, and that the property has steadily gone down; that the buildings, fences and other improvements have depreciated in value, and the open land in productiveness; that the woods on the place are subject to fires from two adjoining railroads; that plaintiff leased the farm for a money rent, but had been notified by the tenant that he would quit at the end of his term, but that he had held over and plowed up the hay crops on the land, but denied liability for rent and refused to pay it; that the best offer she has had for the place was one-third of the crop, which would afford a scant return on the investment; that she is without means with which to keep up the property, and being alone without children is unable to stay there. There is a general allegation based on these special averments, "that it is to the best interest of all parties directly or contingently interested" that the land should be sold.

Of the known remaindermen, sixty-eight are adults and five are infants; and of the thirty-six adult parties and two infants actually before the court, all the adults and the guardian *ad litem* of the infants demurred to the bill, and are opposing a sale of the property.

In the case of *Curtis* v. *Hiden*, 117 Va. 289, 84 S. E. 664, this court in construing section 2436-a, a companion statute to section 2436-b, held: "If section 2436-a * * * is to be construed as conferring a right upon the life tenant by the curtesy, or in dower, to demand and require a sale of the real estate in which she is interested, where all the parties are *sui juris*, and the estate of the remaindermen is vested,

the statute is unconstitutional as an unwarrantable inter-
ference with the rights of property, and as denying the equal
protection of the laws."

In controlling principle, that case is indistinguishable
from the case in judgment, so far as the interests of the
adult remaindermen in the land in controversy are con-
cerned; and section 2436-b, to the extent to which it may
affect the rights of that class of remaindermen, is uncon-
stitutional.

The title of the act (incorporated in the Code as section
2436-b)—Acts 1897-8, page 404—reads as follows: "An
act to authorize the sale of an estate, real or personal, given
by deed or will to a person for life, with a vested remainder
to another, whether the vested remainderman be an infant
or adult." It is insisted on behalf of appellant that even
though the act be unconstitutional as to adult remainder-
men, it is within the competency of the legislature to em-
power courts at the suit of a life tenant to sell the remainder
interests of infants in the estate; that the provisions of the
act are not interdependent but are separable; and that it
should be upheld as to the latter class though declared in-
valid as to the former. If, however, this contention be
sound (as to which we intimate no opinion) it is quite clear
that the case made by the bill would not justify the exercise
of such jurisdiction.

It is well settled by the decisions of this court that if
a case can be determined upon other grounds, the constitu-
tionality of the law will not be drawn in question or passed
upon.

In *Board of Supervisors* v. *Commonwealth, etc.,* 116 Va.
311, 81 S. E. 112, it was held: "Whenever the constitution-
ality of an act of the legislature is distinctly presented and
necessary to the decision of a particular case, it is the duty
of the court to determine the question; but if the case before
the court can be determined upon other grounds, the court,

out of respect for the legislature, will not question the constitutionality of its action." *Ex parte Randolph,* Fed. Cas. No. 11, 558, 2 Brock. 448-9, 678-9; *Griffin* v. *Cunningham,* 20 Gratt. (61 Va.) 31, 33-4; *Gayle & Eason* v. *Commonwealth,* 115 Va. 958, 80 S. E. 741; Cooley's Const. Lim. (6th ed.), page 196.

The allegations as to the expediency of a sale are predicated upon a sale of the *entire estate,* not a sale of the life estate and the undivided five shares of the infants in a total holding of seventy-three shares in remainder. The bare suggestion of the proposition would suffice to condemn it. Moreover, the allegations of the bill are not based on common benefit to plaintiff and defendants, but are intended to alleviate a situation self-imposed by the inability of the life tenant to manage her property, or else by conditions for the existence of which the remaindermen are in no wise responsible, while the alleged benefits to the infants from a sale rest wholly upon the general statement that it will be to their advantage.

In *Curtis* v. *Hiden, supra,* it was held: "The fact that the taxes on the land are onerous and that the life tenant cannot derive a profit without cutting and removing the timber from the land, does not alter the case. Equity has no jurisdiction to take the property of one and transfer it to another when neither is under any disability."

Nor will a court of equity relieve the financial distress of a life tenant at the expense of an infant remainderman.

In the *Matter of Steele,* An Infant, 19 N. J. Eq. 120, the court said: "The reversionary estate of an infant will not be sold because there may be a great advantage in the sale to the tenant for life, when the benefit to the infant is doubtful or inappreciable."

In the *Matter of Heaton,* 21 N. J. Eq. 221, the court said: "It is not a sufficient reason for the sale of infants' reversionary estate in lands, that the property is so much out of

repair that it would now cost more to put it in tenantable repair than the income would justify, when the property has been in the actual possession of the life tenants. If they have suffered it to get out of repair, they are bound to put it in as good repair as it was when they entered upon it." And further, at page 223 of 21 N. J. Eq., it is said: "The only question in the case is, will this property bring as much now as it will at the death of the life tenant, ten or twenty years hence? If it will not, it is not for the interests of the infants to sell, that is, if the life tenant is to receive a share of the proceeds, or of the income from them, according to the rules of this court."

In the *Matter of Margaret Jones*, 2 Barb. Ch. (N. Y., 22, the chancellor denying the prayer of the petition, said: "It was not the practice of the court to authorize the sale of a future interest in real estate belonging to infants, except under very special circumstances; nor was it ever done for the mere purpose of increasing the income of the adult owner of a present interest in the estate. That, in this case, the testator evidently intended that his children should be supported out of the income of the real and personal estate devised to his wife, and that the capital should be reserved until her death, that it would, therefore, be contrary to the spirit of the will, to allow their interests in the land to be sold for their present support, leaving the mother to enjoy the whole income, for life, for her own use, after they should be old enough to earn their living."

Nowhere has the property of infants been more carefully guarded against injudicious sales than in this State. The legislature has wisely surrounded such sales with all reasonable safeguards; and the courts have been astute to give effect to this protective legislation. The case of *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 70 S. E. 545, affords a conspicuous illustration of the rule of decision in that class of cases.

35

In *Schroeder* v. *Woodward,* 116 Va. 506, 82 S. E. 192, the court held: "The statutes of this State providing for the sale of lands of persons under disability recognize the inviolability of trust estates from lease or sale by providing that there shall be no such lease or sale, unless it be clearly shown, independently of any admission in the pleading, that the interest of the beneficiaries will be promoted and 'the rights of no other person will be violated' by such lease or sale."

This property is eligibly located within a few miles of the city of Richmond, and the rapidity with which that city is extending its borders in all directions indicates that at no remote date the land will be embraced within the city limits and thereby increased in value.

The result of our consideration is that the decree is plainly right and should be affirmed.

*Affirmed.*