# Richmond.

## FARANT INVESTMENT CORPORATION V. JOSEPH FRANCIS.

March 20, 1924.

1. INFANTS—*Sale of Infant's Lands—Jurisdiction of Court—Jurisdictional Averments.*—In a suit under section 2616 of the Code of 1904, as amended by Acts 1902-04, chapter 531, pages 842, 843, for the sale of an infant's lands, the court does not exercise a general, but only a special, statutory and limited jurisdiction. Therefore, the conditions of fact, upon which the statute confers jurisdiction upon the court to enter a decree of sale, must affirmatively appear on the face of the proceedings in such suit in order that the decree may be valid.

2. EQUITY—*Jurisdiction—Supplementary Jurisdiction—Averment of Jurisdictional Facts.*—Where a bill is addressed to the supplementary jurisdiction of equity, a jurisdiction not inherent in the equity courts, but conferred by special statute, and to be exercised *only under prescribed statutory conditions* of fact, the bill must affirmatively allege, and the plaintiff must prove, the required jurisdictional facts; and the jurisdiction may legally be exercised only in substantial compliance with the statute, otherwise the case is *coram non judice;* and, in spite of the consent or waiver of the defendant, any decree therein entered, beyond dismissal of the bill, is void whenever and wherever questioned. And the same is true where the statute, if it does not confer, limits the jurisdiction of the court.

3. EQUITY—*Jurisdiction—Active and Potential Jurisdiction.*—Potential jurisdiction is defined as the power granted by the sovereignty creating the court to hear and determine controversies of a given character. Active jurisdiction is the right to exercise the potential jurisdiction in a given case. In order, however, that the court thus vested with potential jurisdiction may rightfully exercise the jurisdiction, *i. e.,* have active jurisdiction, *in a particular case,* certain conditions of fact must appear, these conditions varying with the character or purpose of the proceeding. These conditions of fact may be demanded either by the settled principles of the unwritten law, or by the mandate of the statute law.

4. EQUITY—*Jurisdiction—Essential Requisites of Active Jurisdiction.*— There are four essential requisites to confer upon a court active jurisdiction, which may be thus classed: (1) Potential jurisdiction; (2) territorial jurisdiction; (3) actual jurisdiction of the subject-matter

14

where the proceeding is *in rem,* and also of the proper parties where the proceeding is personal; and (4) the other conditions of fact must exist which are demanded by the unwritten or statute law as the ·prerequisites of the authority of the court to proceed to judgment or decree.

5. INFANTS—*Sale of Infant's Lands—All the Real Estate Belonging to the Infant—Case at Bar.*—In the instant case a decree ordering the sale of an infant's lands was assailed on the ground that the bill did not allege that the lands mentioned constituted "all of the estate, real and personal, belonging to the infant." The statute (section 2616 of the Code of 1904, as amended by Acts 1902-04, chapter 531, pages 842, 843) required that the bill should state "plainly all the estate, real and personal, belonging to the said infant," and it was true that the bill did not contain the express allegation that the real estate which was plainly set forth in the bill constituted or was all of the estate, real or personal, belonging to the infant. But it appeared from the evidence that the real estate set forth did, as a matter of fact, constitute all of the estate, real or personal, of the infant.

*Held:* That this ultimate fact was all that the statute required to be stated; and if the court found that the plaintiff alleged and proved that ultimate fact, and there was nothing on the face of the proceedings to negative such finding, then the statute was complied with.

6. INFANTS—*Sale of Infant's Lands—All the Real Estate Belonging to the Infant—Section 2616 of the Code of 1904, as Amended by Acts 1902-04, chapter 531, pages 842, 843.*—Section 2616 of the Code of 1904, as amended by Acts 1902-04, chapter 531, pages 842, 843, required that a bill in a suit for the sale of infant's lands should state "plainly all the estate, real *and* personal, belonging to the said infant." As the statute appears in the Code of 1919, section 5335, the italicized word "and" is changed to "or." This change, it would seem, however, makes no change in the meaning of the statute.

7. JURISDICTION—*Active Jurisdiction—Collateral Attack Upon Judgment.*— Although a court is in the exercise of limited and special statutory authority, if it appears upon the face of the proceedings in the suit that the court has active jurisdiction, the same rule applies as where a court of general jurisdiction has active jurisdiction, and its action cannot be collaterally attacked for error not appearing on the face of the proceedings.

8. JURISDICTION—*Determination of Jurisdictional Facts—Collateral Attack— Record not to be Impeached by Extensive Evidence.*—Where it appears on the face of the proceedings that the court has jurisdiction to decide whether or not a condition of fact exists which is essential to its jurisdiction, and it decides that fact affirmatively, its decision cannot be assailed collaterally on the ground that it was erroneous; for in such case the error does not appear on the face of the proceedings; the record is presumed to speak the truth, and can be tried by

inspection only; extrinsic evidence not being allowed to impeach the verity of the record.

9. JURISDICTION—*Determination of Jurisdictional Facts—Collateral Attack—Error Apparent on the Face of the Record.*—Where the facts upon which the court assumes jurisdiction are recited in the record, and appear by it to have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally; for in this case there can be no presumption, in aid of the judgment, that the recitals of the record are incomplete.

10. INFANTS—*Sale of Infant's Lands—Bill Setting Out all the Real Estate Belonging to the Infant—Case at Bar.*—Where a decree for the sale of infant's land was assailed and nothing appeared on the face of the record of the proceedings which tended to negative the adjudicated fact that the bill plainly set out all of the real and personal estate belonging to the infant, it must be assumed that there was evidence sufficient to support such adjudication; so that the fact is not open for further inquiry in the instant case, a collateral proceeding; and the fact that the bill in the suit for the sale of the infant's lands, in addition to setting out all of the real and personal estate belonging to the infant, as required by the statute, did not add the statement, not required by the statute, that this was all the real and personal estate belonging to the infant, was immaterial.

11. INFANTS—*Sale of Infant's Lands—Parties—Heirs or Distributees of the Infant.*—In the instant case, an action of ejectment, a decree in a suit for the sale of an infant's land was assailed because those who would be the infant's heirs or distributees, if he were dead, had not been made defendants to the suit, as required by the statute (section 2616 of the Code of 1904, as amended by Acts 1902-04, chapter 531, pages 842, 843). The bill alleged that the infant had no kin or relations. The commissioner reported that all necessary parties were before the court, and that it was proved that the infant had no relations whatever. And the court, upon the hearing on the report and the evidence returned therewith, confirmed the commissioner's report, and by so doing adjudicated its finding of fact that the infant, if he were dead, would have had no heirs or distributees at the time of the suit. And nothing appeared on the face of the proceedings sufficient to negative such adjudicated fact.

*Held:* That this finding of fact that the infant, if he were dead, would have had no heirs or distributees was final and conclusive, no appeal having been taken, and it could not be assailed collaterally, or affected by any extrinsic evidence.

12. JUDGMENTS AND DECREES—*Collateral Attack—Error at Law—Active Jurisdiction.*—An error of law does not furnish ground for collateral attack on a judgment or decree. A decree or judgment is binding upon the parties before the court, although undoubtedly erroneous—whether it be an error of law or an error of finding of fact—in all

cases in which the court has active jurisdiction. Where the error in question, whether of law or finding of fact, consists of a holding or finding upon which the jurisdiction of the court depends, if the error is apparent on the face of the proceedings, and if, upon the facts as they appear from an inspection of the proceedings, the law is that the court has not active jurisdiction, the decree or judgment rendered is void; but if the error does not so appear, the decree or judgment is not void, and must be considered as valid when collaterally assailed.

13. INFANTS—*Sale of Infant's Lands—Commonwealth as Party where Infant has no Heirs.*—Under Code of 1904, section 2616, as amended by Acts 1902-04, chapter 531 (Code of 1919, section 5335), which requires, in a suit for the sale of infant's lands, that those who would be his heirs or distributees, if he were dead, be made parties defendant, it is not necessary that the Commonwealth should be made a party defendant where the infant has no heirs, as the Commonwealth would not have taken the property on the death of the infant as his heir, but by title paramount.

14. INFANTS—*Sale of Infant's Lands—Commonwealth as Party where Infant has no Heirs.*—The words "distributees" and "heirs," as used in the statute (Code of 1904, section 2616, as amended by Acts 1902-04, chapter 531 [Code of 1919, section 5335]), for the sale of infant's lands, have reference to natural persons only, and not to the Commonwealth.

Error to a judgment of the Circuit Court of the city of Norfolk, in an action of ejectment. Judgment for plaintiff. Defendant assigns error.

*Reversed and judgment for the defendant.*

This is an action of ejectment instituted by the defendent in error, Joseph Francis, against the plaintiff in error, the Farant Investment Corporation (who will be hereinafter respectively called plaintiff and defendant, in accordance with their positions in the trial court), in which, neither party demanding a jury, all questions of law and fact being submitted to the court for decision, the court, having heard and considered the evidence without a jury, found for the plaintiff, to the effect that the plaintiff was entitled to the possession

and ownership, in fee, of the lands in the declaration mentioned, and entered judgment accordingly for the plaintiff. The defendant assigns error.

The case turns upon the question of whether or not the title to the land was outstanding, at the time of the institution and trial of the action, and, hence, was not then in the plaintiff, by reason of the fact that there was, prior to suit brought, to-wit, in 1915, a conveyance of such lands to one W. B. Farrant, under decree of the court of law and chancery of the city of Norfolk, entered in 1915, in a suit under the statute, for the sale of infants' lands, in which said lands, then belonging in remainder, in fee, to said plaintiff, Joseph Francis, subject to a certain life estate, were sold to said Farant.

The bill in the suit just mentioned was filed by the guardian of the said Joseph Francis, and the regularity and vaildity of the proceedings therein, by which the validity of the aforesaid conveyance is to be tested, are challenged by the plaintiff in the case in judgment, in two particulars only, namely: It is claimed that it appears on the face of the proceedings in said suit for the sale of said lands, (1) that the bill did not state "plainly all the estate, real and personal, belonging to said infant," Joseph Francis; and (2) that "all those who would be his heirs or distributees, if he were dead" were not made defendants to such suit, as required by the aforesaid statute in force when such suit was instituted, being section 2616 of Pollard's Code of 1904 as amended by Acts 1902-3-4, chapter 531 page 842-3.

The statute, so far as material, provided that for the purpose of obtaining a sale of any estate, real or personal, of an infant, or in which he is interested with others, infants or adults, the guardian of the infant "may * * file a bill in equity in the * * * corporation court of the corporation in which the estate

proposed to be sold  *  *  *  or some part thereof may be, stating plainly all the estate, real and personal, belonging to such infant  *  *  and all the facts calculated to show the propriety of the sale  *  *.

"*  *  *  the infant  *  *  *  and all others interested, shall be made defendants; and, also where there is an infant,  *  *  all those who would be his heirs or distributees if he were dead."

The following appears on the face of the proceedings in said suit:

The allegations of the bill, filed in said suit for the sale of said lands, which are material to be considered in this appeal, are as follows:

"Third:  That the said Joseph Francis is the owner of a vested interest or estate in two certain lots or parcels of land, lying, being and situated on Jefferson street, in the city of Norfolk  *  *  *"—(being the land aforesaid in the said declaration mentioned).

"Fourth:  That the said Joseph Francis inherited the said vested remainder from his father, Robert Francis, Jr., to whom this property was devised by will of Robert Francis, Sr., subject to a life estate of Emma Jane Francis Johnson;

"Fifth:  That Emma Jane Francis Johnson conveyed said life estate, derived by her of Robert Francis, Sr., to Walter Sibert by deed  *  *  *"—(describing the deed and exhibiting the original thereof with the bill);

"Sixth:  That the said Robert Francis, Jr., departed this life many years ago, leaving Joseph Francis his sole survivor and only heir at law;

"Seventh:  That Robert Francis, Jr., at the time of his death was seised and possessed of the property hereinabove referred to, subject to the life estate of Emma Jane Francis Johnson, and died without a will;

"Eighth: That the property hereinabove referred to is all of the property of whatever kind and description of which Robert Francis, Jr., died seised and possessed;"

"Ninth: That Joseph Francis is sole heir, and has no other kin or relation."

The bill made only the infant, Joseph Francis, and the said Walter Sibert, an adult, parties defendant.

When the cause was properly matured both as to the infant and adult defendants, an order was entered referring the cause to one of the commissioners of the court who was directed "to inquire into and report to the court:

"First: Whether all proper parties are before the court.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Third: Whether the rights of any person will be violated by such sale; (and) whether all the requirements of the statute as to the sale of infants' lands have been complied with.

"Which inquiries" (the order further directed) "the said commissioner shall make and report to the court, together with any matters specially stated deemed pertinent by himself or required by any of the parties to be specially stated."

The commissioner's report was regularly made and returned, showing that proper notice was given by him to all parties to the cause; that they were all present before the commissioner, the infant, by guardian *ad litem*, and the others in proper person; that thereupon the commissioner took the depositions of D. J. McDermott, guardian of the infant, also of the infant, who was over fourteen, and nearly twenty-one years of age, and of two other witnesses, giving their names; and the commissioner reported the following (among others) as facts found by him from the testimony before him:

"First: All necessary parties are before the court. It was proved before your commissioner that the infant, Joseph Francis, has no relations whatever, even in the remotest degree. He is very nearly of age, and gave a clear account in this particular. Mr. D. J. McDermott also testified that he knew him and knew that all of the members of his family were dead.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*

"Third: the rights of no person will be violated by such sale, and your commissioner finds all the requirements of the statute as to the sale of infants' lands have been complied with."

The commissioner further reported an offer of purchase of said lands from said Farant, which the commissioner stated he considered a liberal one, and recommended its acceptance by the court.

Thereupon the cause came on to be heard upon said commissioner's report and the evidence returned therewith, to which report no exception was taken, and the aforesaid decree was entered confirming such report, accepting said offer of purchase made by said Farant, and directing that the aforesaid conveyance be made to him by the special commissioner appointed by the decree for that purpose, upon the deposit of the purchase money by Farant in bank to the credit of the court, and that the special commissioner make report of his action under such decree to the court.

The evidence returned by the master commissioner with his said report (the depositions taken by him as aforesaid, as we assume) does not appear in the record before us.

In pursuance of said last mentioned decree Farant deposited the said purchase money in bank to the credit of the court; the special commissioner executed and delivered to Farant the aforesaid conveyance, and subsequently reported such facts to the court.

Thereupon, the court on July 30, 1915, entered a decree confirming such special commissioner's report and his action in executing and delivering said conveyance, and confirming the aforesaid sale to Farant.

On the trial of the case in judgment it appeared from the testimony of the guardian that the said infant, at the time said suit for the sale of his lands was instituted and was pending, owned no personal estate, and that the said lands set forth in the bill constituted "all the estate" of said infant. Indeed, this fact was not controverted on such trial.

On such trial, however, the plaintiff introduced, as a witness in his behalf, an uncle of the plaintiff, who testified that he was a brother of the mother of the plaintiff, and stated, in substance, that although at the time of said suit the plaintiff was the only descendent of his father, and that there were no kindred of the plaintiff on the side of his father then living, the witness was of kin to the plaintiff on his mother's side, and the nearest of kin on that side, "to (his) knowing"—that witness had a brother, who had gone away, of whose whereabouts, or whether "he got killed in the army or not," witness did not know.

*Williams, Loyall & Tunstall,* for the plaintiff in error.

*Jas. G. Martin & Bro.* and *Venable, Miller, Pilcher & Parsons,* for the defendant in error.

SIMS, P., after making the foregoing statement, delivered the following opinion of the court:

There is but one assignment of error which raises the single question upon the decision of which the result in the case turns, and that question is this:

1. Does it appear on the face of the procedings in the suit for the sale of infant's lands above mentioned that the court had jurisdiction to enter the decree which directed the conveyance of the lands in the declaration mentioned to one Farant, so that such decree (and also the conveyance) was not void, but valid, and hence by virtue thereof an outstanding title was vested in one other than the plaintiff?

The question must be answered in the affirmative.

[1] It is true that in the suit in which the decree in question was entered the court did not exercise a general, but only a special, statutory and limited jurisdiction. Therefore, the conditions of fact, upon which the statute involved conferred jurisdiction upon the court to enter such decree, must affirmatively appear on the face of the proceedings in such suit in order that the decree may be held valid. Lile's Eq. Pl. & Pr., section 18, citing *Coleman* v. *Va. Stave Co.*, 112 Va. 61, 70 S. E. 545; *Branham* v. *Smith*, 120 Va. 30, 90 S. E. 657; *Roberts* v. *Hagan*, 121 Va. 573, 93 S. E. 619; *Parker* v. *Stephenson*, 127 Va. 433, 104 S. E. 39; *Yates* v. *Yates*, 115 Va. 678, 79 S. E. 1040; *Blankenship* v. *Blankenship*, 125 Va. 595, 100 S. E. 538; *Williamson* v. *Berry*, 8 How. (U. S.) 495, 12 L. Ed. 1170; *Hoback* v. *Miller*, 44 W. Va. 635, 29 S. E. 1014; *Roche* v. *Waters*, 72 Md. 264, 19 Atl. 535, 7 L. R. A. 533; *Cooper* v. *Sunderland*, 3 Iowa 114, 66 Am. Dec. 52. See also to same effect *Watkins* v. *Ford*, 123 Va. 268, 96 S. E. 193; *Chandler* v. *Chandler*, 132 Va. 418, 425, 112 S. E. 856; and 1 Freeman on Judgments (4th ed.) sec. 123.

[2] As said in Lile's Pl. & Pr. sec. 18, *supra:*

"* * where the bill is addressed to the supplementary jurisdiction of equity—a jurisdiction not inherent in the equity courts, but conferred by special statute, and to be exercised *only under prescribed statu-*

*tory conditions* of fact  \*  \*  the bill must affirmatively allege, and the plaintiff must prove, the required jurisdictional facts; and the jurisdiction may legally be exercised only in substantial compliance with the statute —otherwise the case is *coram non judice;* and, in spite of the consent or waiver of the defendant, any decree therein entered, beyond dismissal of the bill, is void whenever and wherever questioned." And the same is true where, as in the instant case, the statute, if it does not confer, limits the jurisdiction of the court. *Parker* v. *Stephenson, supra.*

[3] The jurisdiction under consideration is what Mr. Lile, in his excellent work above cited, calls "active jurisdiction," which he defines as "the right to exercise the potential jurisdiction in a given case" (Lile's Eq. Pl. & Pr. sec. 12); and he, in turn, defines "potential jurisdiction" as "the power granted by the sovereignty creating the court to hear and determine controversies of a given character" (*Idem.* sec. 11) namely, jurisdiction over the subject-matter. And as Mr. Lile also says: "In order, however, that the court thus vested with potential jurisdiction may rightfully exercise the jurisdiction" (*i. e.,* have "active jurisdiction"), "*in a particular case,* certain conditions of fact must appear —these conditions varying with the character or purpose of the proceeding. These conditions of fact may be demanded either by the settled principles of the unwritten law, or by the mandate of the statute law."

[4] There are, indeed, four essential requisites to confer upon a court "active jurisdiction," which may be thus classed, (1) potential jurisdiction, (2) territorial jurisdiction, (3) actual jurisdiction of the subject-matter where the proceeding is *in rem,* and also of the proper parties where the proceeding is personal, and (4) the other conditions of fact must exist which are de-

428 Farant Invest. Corp. *v.* Francis, 138 Va. 417.

Opinion.

manded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree. See the authorities *supra*, and also *Moore* v. *N. & W. Ry.*, 124 Va. 628, 98 S. E. 635.

In the case in judgment the validity of the decree in question is assailed only on two grounds, namely, that two of the conditions of fact last mentioned, which are required by the mandate of the statute for the sale of infants' lands, do not appear to have been affirmatively alleged in the bill, and to have been proved by the plaintiff, in the suit in which such decree was entered, to-wit: (1) That the lands in the bill mentioned constituted "all of the estate, real and personal, belonging to the infant;" and (2) that "those who would be his" (the infant's) "heirs or distributees, if he were dead" were not made defendants to the suit.

[5, 6] Now, with respect to the first condition of fact just mentioned:

The statute, in the form in which it was in force at the time of said suit, required that the bill should state "plainly all the estate, real *and* personal, belonging to the said infant." (Italics supplied.) As the statute appears in the Code of 1919, section 5335, the italicized word "and" is changed to "or." We think that this makes no change in the meaning of the statute.

It is true that the aforesaid bill does not contain the express allegation that the real estate, which is plainly set forth in the bill, constituted or was "all of the estate, real or personal, belonging to the infant." But as appears from the evidence in the record before us, the real estate set forth in the aforesaid bill constituted or was "all of the estate, real or personal (or real and personal), belonging to the  *  *  infant." We are of opinion that this ultimate fact was all that the statute required to be stated in the bill; and if an inspection of the pro-

ceedings in the suit shows that the court found that the plaintiff alleged and proved that ultimate fact, and there is nothing which appears on the face of the proceedings which is sufficient to negative such finding, then the statute has been complied with in that particular.

In the case in judgment it appears on the face of the proceedings in the suit in question that the commissioner was directed, by order of the court, to enquire "whether all the requirements of the statute as to the sale of infants' lands (had) been complied with." That he reported upon this enquiry as follows: "* * your commissioner finds all the requirements of the statute as to the sale of infants' lands have been complied with." And that upon the hearing on such report the court approved and confirmed the report. This was a finding of fact by the court that the requirement of the statute in the particular last mentioned above, namely, that the bill plainly set forth all the estate, real and personal, belonging to the infant, had been complied with, as well as the requirements of the statute in all other particulars. And there is nothing which appears on the face of the proceedings which even tends to negative that fact.

[7, 8] It is settled that, although a court is in the exercise of limited and special statutory authority, if it appears upon the face of the proceedings in the suit that the court has active jurisdiction, the same rule applies as where a court of general jurisdiction has active jurisdiction, and its action cannot be collaterally attacked for error not appearing in the face of the proceedings. That is to say, where it appears on the face of the proceedings that the court has jurisdiction to decide whether or not a condition of fact exists which is essential to its jurisdiction, and it decides that fact

affirmatively, its decision cannot be assailed collaterally on the ground that it was erroneous; for in such case the error does not appear on the face of the proceedings; the record is presumed to speak the truth and can be tried by inspection only; extrinsic evidence not being allowed to impeach the verity of the record. 2 Freeman on Judgments (4th ed.) secs. 523, 524; 23 Cyc. p. 1088-9; 15 R. C. L. sec. 337, p. 863; *Walker's Ex'r* v. *Page*, 21 Gratt. (62 Va.) 636; *Dowell* v. *Applegate*, 152 U. S. 327, 14 Sup. Ct. 611, 38 L. Ed. 463; *Riverside Cotton Mills* v. *Alabama*, 198 U. S. 188, 25 Sup. Ct. 629, 49 L. Ed. 1008.

In 23 Cyc. p. 1088, *supra,* this is said: "When the court judicially considers and adjudicates the question of its jurisdiction and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive and cannot be controverted in a collateral proceeding. * * * These rules apply where a statute confers general jurisdiction over a particular class of cases upon a certain tribunal, as * * * if the jurisdiction * * depends upon the existence of a certain fact or state of facts, and it is shown by the record that there was evidence tending to prove such facts, and that such evidence was adjudicated sufficient, and the court judicially determined that such facts existed, then the judgment cannot be collaterally impeached or contradicted."

[9] This is true, however, as appears from the authorities, only where there is nothing apparent on the face of the record which is sufficient to negative the existence of the facts adjudicated to exist. Accordingly, the same authority just quoted continues, as follows:

"Where the facts upon which the court assumes jurisdiction are recited in the record, and appear by it to

have been such as would not in law confer jurisdiction, the judgment may be impeached collaterally; for in this case there can be no presumption, in aid of the judgment, that the recitals of the record are incomplete."

In *Walker's Ex'r* v. *Page*, 21 Gratt. (62 Va.) 636, which involved the validity of a decree of sale of property of infants in a suit under the statute on the subject, none of the evidence, and only three of the decrees entered appeared in the record before the appellate court; one decree showing the filing of certain pleadings and the docketing of the cause, another bringing the cause on to be heard upon the pleadings, exhibits, "examination of witnesses," and directing the sale of the property by special commissioner appointed thereby for that purpose, after advertising, etc., etc., and the remaining decree, showing the filing of the special commissioner's report of sale, etc., and confirming the sale, etc. Speaking of what an infant may do, on arriving of age, to entitle him to vacate a decree of sale of his property, in such a suit, made while he was an infant, the court in its opinion said this:

"* * * He may show error upon the face of the record; or he may show that the court had no jurisdiction to enter the decree; or if it had jurisdiction, that the proceedings were irregular and not binding upon the parties, or he may show that the case made by the record did not warrant the decree. But whatever cause he may properly show, he certainly cannot reopen the case, and introduce evidence to contradict that already given and acted upon by the court that entered the decree.

"To establish a contrary doctrine would, in effect, defeat the very object of the law, and effectually prevent the sale of any real estate belonging to infants. For who would purchase, at a judicial sale, real estate

belonging to infants, if the title could be destroyed years afterwards by the introduction of evidence to contradict that upon which the decree was based? How could a purchaser ever know when a decree was valid and binding; for it would be simply impossible for him to conjecture what evidence might be hunted up to contradict the evidence upon which the decree was founded." And the court continues:

"In the case before us the record of the proceedings have been destroyed, except the decrees before referred to. But in the decree directing the sale, the cause came on to be heard upon the bill, answers, replication, exhibits and *examination of witnesses*. We are not informed what was the testimony before the circuit court * * * to show that the interests of the infants would be promoted by a sale of the real estate in the proceedings mentioned; but we are bound to presume that the evidence was of such a character as to satisfy the * * * judge, who entered the decree for sale, that the interests of the infants would be promoted by the sale."

[10] Therefore, as nothing, as is shown by the record before us, appeared on the face of the record of the proceedings in the aforesaid suit involved in the instant case which even tended to negative the adjudicated fact that the bill plainly set out all of the real estate belonging to the infant, we must assume that there was evidence sufficient to support such adjudication; so that that fact is not open for further enquiry in the instant case—a collateral proceeding; and the fact that the bill involved in the instant case, in addition to setting out all of the real estate belonging to the infant, as required by the statute, did not also add the statement, not required by the statute, that this was all the real estate belonging to the infant, was immaterial.

[11] We come now to the consideration of the second condition of fact above mentioned, on the alleged non-existence of which the validity of the decree in question is assailed in the case in judgment, namely, that "those who would be his (the infant's) heirs or distributees, if he were dead" were not made defendants to the suit, as required by the statute as it is claimed.

It is, of course, obvious that the statute did not require any heirs or distributees of the infant if he were dead to be made defendants to the suit, if at the time of the suit there were none. Upon this subject, the following appears on the face of the proceedings in said suit:

The bill, in its ninth clause, alleges that the infant, Joseph Francis, has "no  *  *  kin or relations." The commissioner reported that "All necessary parties are before the court. It was proved before your commissioner that the infant, Joseph Francis, had no relations whatever, even in the remotest degree. He was nearly of age, and gave a clear account in this particular. Mr. D. J. McDermott" (the guardian of the infant) "also testified that he knew him and knew that all the members of his family were dead." And the court, upon the hearing on the report and the evidence, returned therewith (there being evidence so returned as stated in the decree of court), confirmed the commissioner's report, and by its decree so doing adjudicated its finding of fact that the said infant, if he were dead, would have had no heirs or distributees at the time of suit. And nothing appears on the face of the proceedings sufficient to negative such adjudicated fact.

For the reasons above stated, and upon the authorities above cited, we are of opinion that such finding of fact was final and conclusive, no appeal having been taken therefrom within the time allowed by law, and

that it cannot be assailed collaterally, or affected by any extrinsic evidence, as is sought to be done in the instant case.

It is earnestly urged in argument for the plaintiff that the above conclusions, with respect to the effect of the finding by the court of the jurisdictional facts above mentioned, are in direct conflict with the decision of this court in *Parker* v. *Stephenson*, 127 Va. 431, 104 S. E. 39, *supra;* but we do not so regard that decision. That case was decided upon the demurrer to the bill in the principal suit, and, as stated in the opinion, there was the allegation in such bill, "which must be accepted as true on the demurrer thereto," which was as follows: "Nor were all the persons who would have been his heirs on his father's side made parties to said suit"— referring to the bill in the mortgage suit under the statute, the decree in which, authorizing the mortgage, was assailed as void and was so held in the principal suit. Moreover, it appeared from the will (which was involved—its material provisions being set out—in the mortgage suit and, hence, appeared from an inspection of the proceedings in that suit) that those who would have been the heirs of the infant, if he were dead, were, under section 2556 of the Code (1904)—(5272 of Code 1919)—his kindred on his father's side, and not his mother's side, as the bill in the mortgage suit alleged. The bill in the mortgage suit, on the face of it, alleged that the fact that the mother was the person who would have been such heir of the infant, if he were dead, was true, because of the terms of the will just mentioned; whereas the bill itself showed that that allegation was untrue. Hence the error of the allegation on the subject in the bill, and the holding of the court in the mortgage suit, as to those who would have been the heirs of the infant, if he had been dead, was apparent on the

face of the proceedings in that suit, and was, moreover, an error of law appearing on the face of the record of the proceedings in such suit. Hence, in entire accord with the authorities above cited, this court held,. in *Parker* v. *Stephenson*, that the decree and mortgage sought to be authorized thereby were void, because the heirs of the infant were not made defendants to the suit in which such decree was entered as required by the statute—since that fact appeared, as aforesaid, on the face of the proceedings in the mortgage suit.

[12] We do not mean to be understood as saying that the circumstance that the error apparent from an inspection of the record in the *Parker* v. *Stephenson Case* was an error of law, rather than an error of finding of fact, makes, in itself, any material difference. An error of law does not furnish ground for collateral attack on a judgment or decree. A decree or judgment is binding upon the parties before the court, although undoubtedly erroneous—whether it be an error of law or an error of finding of fact—in all cases in which the court has active jurisdiction, as that jurisdiction is above defined. The point is that, where the error in question, whether of law or finding of fact, consists of a holding or finding upon which the jurisdiction of the court depends, if the error of the court is apparent on the face of the proceedings, and if, upon all the *facts* (not merely from some controverted testimony which the court had the discretion to disbelieve) as they appear from an inspection of the proceedings, the law is that the court has not active jurisdiction, the decree or judgment rendered in the proceeding is void. (See in addition to the authorities, *supra*, on this subject, *Grannis* v. *Superior Court*, 146 Cal. 245, 79 Pac. 891, 106 Am. St. Rep. 23.) But if the error does not so appear, and if, upon the facts as they so appear (con-

sidering a fact, or facts, held by the court to exist, as appearing from an inspection of the proceedings, if the contrary does not appear from such inspection), the law is that the court has active jurisdiction, the decree or judgment is not void and must be considered as valid when collaterally assailed. In the latter situation, as some of the authorities say, in substance, the court has jurisdiction to err, as well as to correctly adjudicate the questions before it for decision, and the remedy to correct the errors of the court is solely by appeal.

In the case in judgment there was no error of law, either in the allegations of the bill drawn in question or in the aforesaid adjudication of the court. The subject involved a pure question of fact, namely, whether the infant, if he were dead, would have had any kindred at all, since, if he were dead, under section 2556 of the Code of 1904 (section 5272, Code 1919), either the kindred of the infant on the father's or mother's side, if any, would have inherited the real estate belonging to the infant derived from the father's side of the family. That question of fact, put in issue by the bill, was decided by the adjudication of the court upon the evidence before it. As the court, as, aforesaid, had active jurisdiction of the case its decision of such question of fact was final and conclusive against any collateral attack.

[13, 14] It is further urged, however, in argument for the plaintiff, that, under section 2558 of the Code of 1887 (section 5275, Code 1919), the Commonwealth would have been the distributee of the personal estate of the infant plaintiff, if he were dead and had had no other distributee; and that, under the common law as modified and regulated by section 2374 of the Code of 1887 (section 492, Code 1919), the real estate belonging to such infant would have escheated to the Common-

wealth, if he were dead and had had no known heir at the time of the aforesaid suit; and that, therefore, the aforesaid statute, under which the suit was brought, required that the Commonwealth, in such case, should have been made defendant to such suit as the heir and distributee of the infant, because embraced within the terms of the last mentioned statute requiring "all those who would be his" (the infant's) "heirs or distributees, if he were dead," to be made defendants to the suit.

With respect to this position, the following will be said: The suit in question did not involve any personal estate, so that no distributee was required by the statute to be made defendant to the suit.

Even if all the facts had been such (which does not appear from the record before us) that the real estate of the infant involved in the instant case would have escheated to the Commonwealth, if he were dead at the time of the aforesaid suit, under the common law as modified and regulated as aforesaid, the Commonwealth would not have taken as "heir" of the infant, but by title paramount. 2 Minor's Inst. (4th ed.), p. 548. Hence, the Commonwealth could not be held to be embraced within the terms of the statute just quoted.

Further: We are of opinion that both the terms "distributees" and "heirs," as used in the aforesaid statute for the sale of infants' lands, etc., have reference to natural persons only, and not to the Commonwealth in any case.

The case will be reversed and judgment will be entered for the defendant, with costs.

*Reversed and judgment for the defendant.*